(No. 5257– )

A. Michael Hess, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed May 10, 1966.*

A. Michael Hess, Claimant, pro se.

William G. Clark, Attorney General; Gerald S. Grobman, Assistant Attorney General, for Respondent.

Pezman, J.

Dr. A. Michael Hess of Rockford, Illinois seeks to recover for services rendered to one Noah Motsinger of Loves Park, Illinois, on March 1, 1965. Claimant sought to recover the sum of $400.00 for surgical services rendered said patient under the program of Aid to the Medically Indigent. It appears that the claim was originally presented to the Winnebago County Department of Public Aid in September of 1965. That Department determined the patient was eligible, but denied the claim upon the basis that the claim was not presented in apt time for processing payment from the appropriation for the 73rd biennium. Subsequently, on January 19, 1966, claimant filed an amended complaint reducing the amount of payment sought to $125.00.

On May 2, 1966, a stipulation of facts between Dr. A. Michael Hess and William G. Clark, attorney for respondent, was filed with the Court of Claims. It establishes the facts in the case to be as follows:

"1. That this claim arises out of the surgical services furnished Noah Motsinger on March 1, 1965 by Dr. A. Michael Hess.

"2. That the subject patient was eligible to receive assistance under the program of Assistance to the Medically Indigent Aged, but claimant did not submit a bill to the Winnebago County Department of Public Aid until September 27, 1965, which was too late for the county department to process same within the 73rd biennium appropriation.

"3. That the Department of Public Aid in its Departmental Report,

dated January 4, 1966, admitted an amount is due to claimant in the sum of $125.00, and the only reason this sum had not been paid was that the Doctor presented his bill too late to be processed under the 73rd biennium.

"4. Claimant again represents that there has been no assignment or transfer of the claim in this cause, or any part thereof, or interest therein, and that he is justly entitled to the sum of $125.00 from the State of Illinois, or the Department of Public Aid, after allowing just credits."

This Court has repeatedly held that, where a contract has been: (1) properly entered into; (2) services satisfactorily performed and materials furnished in accordance with such contract; (3) proper charges made therefor; (4) adequate funds were available at the time the contract was entered into; and, (5) the appropriation for the biennium from which such claim could have been paid had lapsed, it would enter an order for the amount due. *Rockford Memorial Hospital, a Corporation,* vs. *State of Illinois, Case* No. 5165, opinion filed September 25, 1964; *Memorial Hospital of Du Page County, a Corporation,* vs. *State of Illinois,* Case No. 5197, opinion filed January 12, 1965. It appears that all qualifications for an award have been met in the instant case.

Claimant is awarded the sum of $125.00.